

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2009

# Shahzad v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1205

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Shahzad v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1532.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1532

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1205
_____

MUHAMMAD SHAHZAD
                    Petitioner
vs.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A96-260-000)
Immigration Judge:  Honorable Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 15, 2009
Before:  FUENTES, WEIS and GARTH, Circuit Judges

(Opinion filed   April 16, 2009)

_____

OPINION
_____

PER CURIAM

        Muhammad Shahzad, a native of Pakistan, entered the United States in

April 2001.  On March 31, 2003, Shahzad was charged as removable for overstaying his

admission period.  Shahzad conceded removability and applied for asylum, withholding

1

of removal, and relief under the Convention Against Torture (CAT). Shahzad argued that he would be persecuted if returned to Pakistan based on his membership and activities in the Nawaz branch of the Muslim League. After a hearing, the IJ found Shahzad removable, denied relief, and ordered Shahzad removed to Pakistan. After the BIA dismissed the appeal, Shahzad filed a timely petition for review.

The IJ found Shahzad's asylum application untimely. Generally, we lack jurisdiction to review a decision by the IJ or the BIA that an asylum application is untimely. 8 U.S.C. § 1158(a)(3). We have jurisdiction to review constitutional claims and questions of law but not factual or discretionary determinations related to the timeliness of an asylum application. Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006). Shahzad argues that the IJ erred in not admitting his arguments regarding changed country conditions into evidence. During the hearing, the IJ noted that Shahzad's attorney had provided a memorandum on the changed country conditions but had not attached anything to support the claim. C.A.R. at 97, 354-55. The IJ refused to consider the memorandum as evidence. Shahzad did not discuss the relevant events in his testimony. The BIA did not err in refusing to consider arguments on changed country conditions that were unsupported by the record.

Shahzad also applied for withholding of removal and relief under the CAT. To be eligible for withholding of removal, Shahzad must demonstrate that it is more likely than not that his life would be threatened in Pakistan on account of race, religion,

2

nationality, membership in a particular social group, or political opinion. <u>Tarrawally v.</u> <u>Ashcroft</u>, 338 F.3d 180, 186 (3d Cir. 2003); 8 U.S.C. § 1231(b)(3)(A). To be eligible for withholding of removal under the CAT, Shahzad must demonstrate that it is more likely than not that he would be tortured if removed to Pakistan. 8 C.F.R. § 208.16(c)(2). We may reverse the BIA's decision only if the record permits but one reasonable conclusion, which was not the one reached by the Board. <u>I.N.S. v. Elias-Zacarias</u>, 502 U.S. 478, 481 (1992).

Shahzad testified that he started working for the Muslim League in 1995. He arranged rallies and later became an assistant general secretary. He stated that in October 1999, the leaders of his party were arrested after there was a change in power in the government. He asserted that he went to another city for a few months after a warrant was issued for his arrest on charges of instigating people against Musharraf. He testified that others were arrested, tortured and sent to jail. Later, at a rally, he was hit with a stick by the police and needed stitches near his eye. He stated that the police bothered his parents every month and threatened them with jail if they didn't give the police his address. He testified that he would have problems if he returned because Musharraf was still in power.

Shahzad argues that the IJ found him incredible without justification. While the IJ made comments which indicated that he doubted Shahzad's credibility, it is not clear that he made an explicit adverse credibility finding. "The case certainly does

3

present credibility problems here and the Court does not feel comfortable coming to any conclusion that this testimony was credible or that the respondent's accounts were trustworthy." C.A.R. at 75. However, the BIA did not rely on any adverse credibility finding. Rather, the BIA agreed with the IJ that Shahzad had not met his burden for withholding of removal.

As proof of past persecution, Shahzad points to affidavits from members of the Muslim League and arrest warrants in the record. C.A.R. at 237-41, 251-53. However, these documents do not compel a finding that Shahzad is entitled to withholding of removal or relief under the CAT. As noted by the IJ, Shahzad was unable to give many details of his activities with the Muslim League. The affidavits of the other Muslim League members do not give any additional details of Shahzad's activities and do not describe any persecution Shahzad suffered beyond his allegations of an arrest warrant being issued and his family being harassed. We conclude that Shahzad cannot show that the current record compels a finding that it is more than likely that he will be persecuted or tortured if he is returned to Pakistan.

For the above reasons, we will deny the petition for review.